INHABITANTS OF NEWPORT *vs.* WALDO H. BENNETT et als.

Penobscot.    Opinion August 23, 1909.

*Taxation.    Collector's Bond.    Same Conditioned " to settle in full" on or before a Date Certain.    Such Bond Good at Common Law.*

At its annual town meeting in 1906, the plaintiff town voted that the collector of taxes should settle in full with the town on February 1, 1907, thereupon the defendant tax collector and his sureties on May 7, 1906, gave to the plaintiff town a bond containing the following condition: "That whereas the said Waldo H. Bennett has been chosen collector of taxes for said town for the year 1906; now if the said Waldo H. Bennett shall well and faithfully perform all the duties of his said office, and shall collect the taxes committed to him within the said year, and shall settle in full with said town on or before February first, A. D. 1907, then this obligation shall be void ; otherwise it shall remain in full force and virtue."

*Held:*  1.  That the bond was a voluntary contract on the part of the defendants with the town, founded upon a sufficient consideration, and intended to serve a lawful purpose.

2.  That the bond was good at common law.

On report.    Judgment for plaintiffs.

Action of debt brought by the plaintiff town on the bond of the defendant, Waldo H. Bennett, given by him as tax collector of the plaintiff town for the year 1906.   The action was referred to a referee who found the facts and reported questions of law for the determination of the court, and the case was then reported to the Law Court for determination upon the report of the referee.   The report of the referee is stated in the opinion.

*W. H. Mitchell,* for plaintiffs.

*Waldo H. Bennett, and Martin & Cook,* for defendants.

SITTING :   WHITEHOUSE, PEABODY, CORNISH, KING, BIRD, JJ.

KING, J.    Action on a tax collector's bond, reported to the Law Court for determination of the question submitted by the referee as follows :

"I find that the defendant, Waldo H. Bennett, was duly elected tax collector of the town of Newport for the year 1906, at the annual town meeting in March, 1906 ; that prior to the election, the town voted that the collector be obliged to settle in full with the town February 1, 1907, and that the tax list be committed May 1, 1906 ; that the defendants gave the bond in suit, May 7, 1906 ; that the taxes for 1906 were duly and legally assessed, and were committed to Mr. Bennett for collection by a legal warrant ; that the amount of said commitment not yet abated or paid over by Mr. Bennett to the town treasurer is $1,790.96 ; that of the entire tax committed $23.60 was supplemental, and not committed until September, 1906 ; that the condition of the bond in suit is in these words : — 'that whereas the said Waldo H. Bennett has been chosen Collector of Taxes for said town for the year 1906 ; now if the said Waldo H. Bennett shall well and faithfully perform all the duties of his said office, and shall collect the taxes committed to him within the said year, and shall settle in full with said town on or before February first A. D. 1907, then this obligation shall be void ; otherwise it shall remain in full force and virtue.' This suit was commenced February 15, 1907. I find that the bond is valid and in force, but whether it is to be treated as a statute-bond, or a bond good at common law only, I submit to the Court upon the foregoing facts. If the Court shall rule as a matter of law that the clause 'and shall settle in full with said town on or before February first A. D. 1907' may be treated as surplusage then I find that the bond is a valid statute bond, but I also find that suit thereon was commenced prematurely and for that reason only — all other defenses being overruled — I award that the plaintiffs be nonsuited, but without prejudice to the right to bring a new action on the bond, and that the defendant recover of the plaintiffs the costs of court to be taxed by the Court. But if the Court shall rule that the bond may not be treated as a statute bond, by regarding said clause as surplusage, then I rule that the bond is good at common law, and I award that the plaintiffs recover of the defendants the sum of seventeen hundred and ninety dollars and ninety-six cents ($1,790.96) with interest thereon from February 15, 1907, debt or damage,

and the cost of reference, taxed at $6.48 and the costs of court to be taxed by the court."

The question presented is not whether Bennett as collector could have been *required* to give this bond, as was involved in *Smith* v. *Randlette*, 98 Maine, 86, for it was given voluntarily.

Nor is the question, we think, whether this bond might not be held binding upon the obligors as a statute bond, notwithstanding this clause in excess of what the statute requires. Here the defendants claim that they are not liable for the breach of that part of the bond which required Bennett to "settle in full with said town on or before February first A. D. 1907." Why not? Their answer evidently is that if they had tendered the bond without this provision the town could have legally required nothing more, as it would then have been a statute bond, hence this clause should be disregarded as surplusage. But they did not tender such bond. They gave this.

We know of no provision of statute which makes such a bond as this void. The purpose of the clause for an early and full settlement with the town is neither unlawful nor immoral, but commendable. The defendants had a right to give a bond containing such a clause, if they saw fit, and the town had a right to accept it, if given. There is no suggestion of coercion or duress of the defendants. Bennett accepted the office of collector upon that express condition, that he should settle in full on or before February 1, 1907. The inference is fair that his compensation was materially increased because of that special obligation. The defendants' bond is a voluntary contract on their part with the town, founded upon a sufficient consideration, and intended to serve a lawful purpose.

The most important part of that contract for the town was this clause in question, and that should not now be disregarded. Language which the parties to a contract intentionally used, and by which their lawful rights and obligations are clearly expressed, and which cannot be disregarded without imparing and destroying those rights and obligations, is not superfluous, and unnecessary, and hence surplusage. It is vital and essential to the contract. If that contract is lawful the parties must be held to abide it. As said

in *United States* v. *Hodson*, 10 Wall. page 409: "If a bond is liable to the objection taken in this case and the parties are dissatisfied, the objection should be made when the bond is presented for execution. If executed under constraint the constraint will destroy it. But when it is voluntarily entered into and the principal enjoys the benefits which it is intended to secure, and a breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such a defense. In such cases there is neither injustice nor hardship in holding that the contract as made is the measure of the rights of the government and of the liability of the obligors."

It is the opinion of the court that the bond in suit should be treated in this action as good at common law.

Accordingly the entry must be, in accordance with the referee's findings,

*Judgment for the plaintiffs for $1790.96 with interest thereon from Feb. 15, 1907, and the costs of reference taxed at $6.48, and the costs of court to be taxed by the court.*